IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE CO.**, <br><br> Plaintiff, <br><br> v. <br><br> **CREATIVE YOUNG MINDS, LTD. d/b/a PRIMROSE SCHOOL OF WALNUT CREEK, et al.**, <br><br> Defendants. | § § § § § § § § § § § § § § Civil Action No. **3:08-CV-1827-L** |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff's Motion to Dismiss Defendants' Counterclaims, filed June 15, 2009; (2) Plaintiff's Motion for Summary Judgment on its Declaratory Judgment Action, filed October 29, 2009; and (3) Joint Motion to Abate, filed December 29, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and **denies in part** Plaintiff's Motion for Summary Judgment on its Declaratory Judgment Action, **grants** Plaintiff's Motion to Dismiss Defendants' Counterclaims, and **denies as moot** the parties' Joint Motion to Abate.

**I.     Factual and Procedural Background**

Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "PIIC") filed its Original Complaint in this court on October 14, 2008, against Defendant Creative Young Minds, Ltd. d/b/a Primrose School of Walnut Creek ("CYM"). Plaintiff later amended its pleading to add Hatch Enterprises II, Ltd. ("Hatch Ltd.") and Creative Young Minds II, Ltd. d/b/a Primrose School of Grand Peninsula ("CYM II") as Defendants. Plaintiff pleads that Sherman and Meredith Hatch are the principal owners or limited partners of each Defendant. In its live pleading, the First Amended Original

Complaint filed May 14, 2009 (the "Complaint"), Plaintiff seeks several declarations pursuant to the Texas and federal Declaratory Judgment Acts regarding two insurance policies.

The underlying dispute is based upon an accident in which Meredith Hatch ("Mrs. Hatch") was killed while riding a bicycle on Camp Wisdom Road in Grand Prairie, Texas, at approximately 8:00 a.m. on Sunday, June 8, 2008 (the "Accident"). Mrs. Hatch and a friend were struck from behind by a 2001 Lincoln Navigator driven by Kenneth Bain, and both were killed. The Navigator was owned by Cynthia Bain and insured by State Farm.

PIIC issued insurance policies to Defendants CYM and CYM II. It issued a Commercial Lines Policy, number PHPK288872, to CYM from February 1, 2008, to February 1, 2009 (the "CYM Policy"). It also issued a Commercial Lines Policy, number PHPK255341, to Hatch Ltd. and CYM II from August 20, 2007, to August 20, 2008 (the "CYM II Policy").

Sherman Hatch ("Mr. Hatch") submitted claims under the CYM and CYM II Policies for uninsured and underinsured motorists ("UM/UIM"), Automobile Medical Payments ("MedPay"), and Personal Injury Protection ("PIP"). Plaintiff denied coverage because Mrs. Hatch was not an insured. It seeks declarations that: (1) the UM/UIM coverage does not apply to the injuries received by Mrs. Hatch in the Accident; (2) that Mrs. Hatch is not an insured for MedPay coverage; and (3) that there is no PIP coverage. It also seeks attorney's fees.

Defendants filed counterclaims against Plaintiff alleging breach of contract and negligence. Their live pleading, Defendants' Answer to Plaintiff's First Amended Original Complaint and Counterclaim ("Counterclaim") was filed July 31, 2009. These counterclaims are contingent: "If the Court determines such coverage is not provided under the policy, Defendant brings this counterclaim for Plaintiff's failure to provide the requested coverage." Countercl. 5, ¶ 4. Accordingly, although filed

later, the court first considers Plaintiff's motion for summary judgment to determine whether coverage for the Accident exists.

## II. Motion for Summary Judgment

### A. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.),

*cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

    **B.**    **Analysis**

Plaintiff contends that there is no coverage for the Accident under either the CYM or CYM II Policy. It contends that under the policies, Mrs. Hatch is not insured under the UM/UIM, MedPay, or PIP provisions. Defendants respond that there are no fact issues and it is for the court to determine whether coverage exists. They also contend that Plaintiff is not entitled to attorney's fees.[1]

    **1.**    **UM/UIM Coverage**

Plaintiff contends that Mrs. Hatch is not an "Insured" under either policy with respect to UM/UIM coverage. Defendants do not specifically address this argument.

---

[1] The court is puzzled by Defendants' response to the motion for summary judgment. They do not cite a single provision of either insurance policy or any case law supporting an argument that there is coverage for Mrs. Hatch's accident under the policies, and the bulk of their response, which includes statutory and case citations, addresses whether Plaintiff is entitled to attorney's fees.

Both the CYM and the CYM II Policies include a provision for UM/UIM coverage and the provisions are identical:

> We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured", or "property damage" caused by an "accident". The owners or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

Pl.'s App. 186, 400. The CYM Policy names "Creative Young Minds, Ltd." as the "Named Insured," and the CYM II Policy names "Hatch Enterprises II, Creative Young" as the "Named Insured." *Id*. at 185, 399.

Section B of the UM/UIM endorsements states:

**Who Is An Insured**

If the Named Insured is designated in the Declarations as: . . .

    **2.**    A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

        **a.**    The Named Insured for "property damage" only.
        **b.**    Any "designated person" and any "family member" of such person.
        **c.**    Any person "occupying" a "covered auto".
        **d.**    Any person or organization for damages that person or organization is entitled to recover because of "bodily injury" sustained by a person described in **b.** or **c.** above.

*Id*. at 186, 400 (original emphasis). Plaintiff argues that Mrs. Hatch does not meet any of the definitions of an insured person under either policy. It argues that she does not meet subsection (a) because the "Named Insured" are the Defendant entities. Plaintiff contends that she does not meet the requirements in subsection (b) because no one is listed on the schedule as a "designated person" on either policy. *Id*. at 185, 399. It argues that subsection (c) does not apply because no "covered auto" was involved in the Accident. The term "covered auto" is defined by the endorsement as an auto "owned or leased by the

**Memorandum Opinion and Order - Page 5**

Named Insured" or a "temporary substitute" for such vehicle. *Id*. at 188, 402. Finally, it argues that subsection (d) does not apply because Mrs. Hatch is not a person described in subsection (b) or (c). Defendants do not set forth any specific arguments regarding how Mrs. Hatch meets any of the definitions in the endorsements for the UM/UIM coverage. They do not cite any provision of either policy or any case law to support a finding that Mrs. Hatch is covered under the UM/UIM provisions.

The interpretation of an insurance policy is a question of law. *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). Insurance policies are contracts and are governed by the principles of interpretation applicable to contracts. *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1095 (5th Cir. 1995) (citing *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex. 1987)). As this is a diversity case, Texas rules of contract interpretation control. *See id.*; *see also Potomac Ins. Co. v. Jayhawk Medical Acceptance Corp.,* 198 F.3d 548, 550 (5th Cir. 2000).

The court determines that there is no ambiguity with respect to the UM/UIM endorsements to the CYM and CYM II Policies. Mrs. Hatch does not meet any definition of an "insured," and therefore the policies do not cover the Accident. Accordingly, the court determines that Plaintiff is entitled to a declaration that the UM/UIM coverage in the CYM and CYM II Policies does not apply to the injuries received by Mrs. Hatch in the Accident.

### 2. MedPay Coverage

Next, Plaintiff argues that there is no coverage for Mrs. Hatch under the MedPay coverage of the policies. As with the UM/UIM coverage, Plaintiff contends that she does not meet the endorsement's definition of who is insured. Defendants do not cite any provision of the policies or any case law in their response to the motion for summary judgment.

The MedPay endorsements are identical for the CYM and CYM II Policies. These endorsements provide the following coverage:

> We will pay reasonable expenses incurred for necessary medical and funeral expense to or for an "insured" who sustains "bodily injury" caused by an "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

Pl.'s App. 192, 411. Section B of the endorsement provides:

**B.     Who is An Insured**

   **1.**   You while "occupying" or, while a pedestrian, when struck by any "auto".
   **2.**   If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".
   **3.**   Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

*Id.* (original emphasis). Plaintiff contends that Mrs. Hatch does not meet any of these definitions. It argues that "you" is unambiguously defined as the "Named Insured;" in this case, Defendants.

The "Auto Medical Payments Coverage" states that it "modifies insurance provided under the following:" including the "BUSINESS AUTO COVERAGE FORM." *Id.* The Business Auto Coverage Form states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." *Id.* at 168, 384. The Common Policy Declarations for the CYM Policy states that the "Named Insured" is "Creative Young Minds Ltd., d/b/a Primrose School of Walnut Creek." *Id.* at 5. The Common Policy Declarations for the CYM II Policy states that the "Named Insured" is "Hatch Enterprises II, Creative Young Minds Inc. II dba Primrose School of Grand Peninsula." *Id.* at 223.

Accordingly, Plaintiff contends that Mrs. Hatch does not qualify under subsection (1) because "you" refers only to the corporate Defendants. It argues that subsection (2) does not apply because "you" is not an individual. Finally, it contends that subsection (3) does not apply because the only

**Memorandum Opinion and Order - Page 7**

vehicle involved in the Accident was the Lincoln Navigator driven by Kenneth Bain, which is not a vehicle covered by the policies.

The court determines that there is no ambiguity with respect to the MedPay endorsements to the CYM and CYM II Policies. Mrs. Hatch does not meet any definition of an "insured" and therefore the policies do not cover the Accident. Accordingly, the court determines that Plaintiff is entitled to a declaration that the MedPay coverage in the CYM and CYM II Policies does not apply to the injuries received by Mrs. Hatch in the Accident.

### 3. PIP Coverage

Finally, Plaintiff argues that there is no coverage for the Accident under the PIP endorsement to the CYM II Policy. As with the other arguments, Defendants do not cite any provision of the policy or case law in support of their response to the motion for summary judgment.

The CYM II Policy provides for certain personal injury protection coverage:

> We will pay Personal Injury Protection benefits because of "bodily injury" resulting from a motor vehicle "accident" and sustained by a person "insured". Our payment will only be for "losses" or expenses incurred within three years from the date of the "accident".

Pl.'s App. 404. This endorsement, like the other endorsements already considered by the court, defines specifically who is insured under the provision:

> **B.    Who Is An Insured**
>
> **1.**    You or any "family member" while "occupying" or when struck by any "auto".
> **2.**    Anyone else "occupying" a "covered auto" with your permission.

*Id*. at 405 (original emphasis). Plaintiff contends that Mrs. Hatch does not meet this definition because she is not "you," or a "family member" of a covered insured, or "occupying" a "covered auto." As with the MedPay provisions, this endorsement relates to the Business Auto Coverage Form, which defines

**Memorandum Opinion and Order - Page 8**

"you" as the "Named Insured," in this case, Hatch Ltd. and CYM II. *Id*. at 223, 384, 404. Plaintiff argues that the corporate entities do not have family members and that the Lincoln Navigator was not a covered auto.

The court agrees with Plaintiff and determines that there is no PIP coverage under the CYM II Policy for Mrs. Hatch's injuries. Accordingly, the court determines that Plaintiff is entitled to a declaration that the PIP coverage in the CYM II Policy does not apply to the injuries received by Mrs. Hatch in the Accident.

### 4. Attorney's Fees

Plaintiff also moves for the recovery of costs and attorney's fees pursuant to section 37.009 of the Texas Civil Practice and Remedies Code. Defendants respond that Plaintiff has set forth no authority or facts supporting this request and that Plaintiff has failed to follow the proper procedure in seeking attorney's fees.

Section 37.009 of the Texas Civil Practice and Remedies Code states: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Defendants cite *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), for its holding that "a party may not rely on the Texas [Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law." They also argue that the federal Declaratory Judgment Act only permits the recovery of attorney's fees in limited circumstances that are not applicable here. 28 U.S.C. § 2201 *et seq*.

Plaintiff did not file a reply in support of its motion for summary judgment and its motion does not cite any federal statute or case law to support its request. The federal Declaratory Judgment Act only allows an award of attorney's fees "where controlling state substantive law permits such recovery." *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009) (citation, quotation, and brackets

**Memorandum Opinion and Order - Page 9**

omitted). *Utica Lloyd's* makes clear that section 37.009 is procedural and does not create a right to attorney's fees in a federal diversity action. Accordingly, the court agrees with Defendants and determines that Plaintiff is not entitled to recovery attorney's fees in this action. Plaintiff's claim for attorney's fees is therefore **dismissed with prejudice**.

### 5. Conclusion

For the foregoing reasons, the court **grants in part** and **denies in part** Plaintiff's Motion for Summary Judgment on its Declaratory Judgment Action. Plaintiff is entitled to summary judgment on its claims for declaratory action, and the court hereby **declares** that: (1) the UM/UIM coverage in the CYM and CYM II Policies does not apply to the injuries received by Mrs. Hatch in the Accident; (2) the MedPay coverage in the CYM and CYM II Policies does not apply to the injuries received by Mrs. Hatch in the Accident; and (3) the PIP coverage in the CYM II Policy does not apply to the injuries received by Mrs. Hatch in the Accident. The court **denies** Plaintiff's request to recover attorney's fees for this action.

## III. Motion to Dismiss Counterclaims

### A. Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations

omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC*

**Memorandum Opinion and Order - Page 11**

*v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**B.    Analysis**

Plaintiff moves to dismiss Defendants' counterclaims for breach of contract and negligence. It contends that these claims are contingent upon a finding of no coverage under the CYM and CYM II Policies. It also argues that the insurance policies are the only contractual agreements between the parties and that it cannot be held negligent for not contracting for the insurance coverage that Defendants wanted.

Plaintiff also argues that Defendant filed its counterclaim without leave of court. Defendant CYM moved for leave to amend its answer and to file counterclaims on April 14, 2009; Plaintiff opposed the motion and argued that the counterclaims CYM wanted to add were futile. Plaintiff had filed a motion for leave to amend its complaint on March 8, 2009. On May 12, 2009, the court granted Plaintiff's motion for leave to amend, denied as moot Defendant's motion for leave, and stated: "If Defendant later asserts these counterclaims, the court can address them at that time." Order (May 12, 2009) 1. Plaintiff filed its Amended Complaint on May 14, 2009; Defendant CYM filed its First Amended Answer and Counterclaim on May 22, 2009. After Plaintiff moved to dismiss Defendants' counterclaims, and on July 31, 2009, Defendants filed their Answer to Plaintiff's First Amended Original Complaint and Counterclaim without seeking leave of court.

The court determines that Defendant CYM filed counterclaims without leave of court and that Defendants' Answer to Plaintiff's First Amended Original Complaint and Counterclaim was also filed without leave of court. Despite these procedural defects, because Plaintiff has fully addressed the

substance of Defendants' counterclaims and the standard for leave to amend under Rule 15 of the Federal Rules of Civil Procedure is liberal, there is no legal prejudice to Plaintiff if the court considers these pleadings. Accordingly, the court will consider the counterclaims and whether they state claims upon which relief can be granted.

### 1.     Breach of Contract

Plaintiff moves to dismiss Defendants' counterclaim for breach of contract because the only contracts alleged are the CYM and CYM II Policies. Plaintiff argues that if coverage does not exist for the accident, as alleged in their request for declaratory judgment, then there is no breach of contract. It therefore contends that Defendant has failed to state a claim for breach of contract.

In response, Defendants contend that they seek damages and reformation of the policies for Plaintiff's breach of contract. In support, they cite *Fireman's Fund Indemnity Co. v. Boyle General Tire Co.*, 392 S.W.2d 352 (Tex. 1965). They argue that their claims are premised upon an omission from the contracts between the parties. Defendants have alleged as follows:

> Defendants contracted for an insurance policy providing uninsured/underinsured motorist coverage for its principals. . . . Plaintiff contends the policy does not provide uninsured/underinsured motorist coverage. If the Court makes that declaration, Plaintiff has breached the contract by failing to provide the coverage for which Defendants contracted.

Defs.' Countercl. ¶ 32.

Under Texas law, the essential elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007). Plaintiff argues that if Defendants wanted additional coverage, they had

a duty to negotiate and pay for such coverage. *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App. – El Paso 1999, no pet.). In that case, the court held:

> An insured has a duty to read the policy, and failing to do so, is charged with knowledge of the policy terms and conditions. . . . When the [plaintiffs] purchased their insurance, they knew or should have known that it did not cover accidents which occurred outside the jurisdictional limits stated in the policy . . . . If the [plaintiffs] wanted a policy that included coverage in Mexico, they could have negotiated with an insurer for this extended coverage and paid the requisite premium. Having failed to do so, they are bound by the terms of the agreement.

*Id*. at 841-42 (citations omitted).

Although the court considered fraud claims in *Ruiz* rather than a breach of contract claim, the court finds its reasoning applicable in this case. Moreover, the court finds that *Fireman's Fund*, cited by Defendants, is distinguishable. In that case, the court considered a reformation claim and stated:

> The rule followed in Texas is that an insured who accepts a policy without dissent, is presumed to know its contents, but the presumption may be overcome with proof that he did not know its contents when it was accepted, as by showing that when he received it he put it away without examination, or that he relied upon the knowledge of the insurer and supposed he had correctly drawn it.

392 S.W.2d at 355 (citation and quotation omitted). The result in *Fireman's Fund* was distinguished in *Zurich Insurance Co. v. Bass*, 443 S.W.2d 371, 375 (Tex. App. – Dallas 1969, no writ.), because in *Fireman's Fund*, the insurance agent "had full knowledge of the material fact in question" and the plaintiff pleaded and proved fraud by the agent. The court stated that "[i]t is well settled that when there has been a mistake by one party, accompanied by fraud on the other party the remedy of reformation is available." *Id*.

The court determines that *Fireman's Fund* does not allow Defendants to assert a counterclaim for breach of contract in this case. There is no allegation of fraud by Plaintiff or any allegation that would provide a basis for overcoming the presumption that Defendants read and knew the contents of

**Memorandum Opinion and Order - Page 14**

the insurance policies. Defendants could have negotiated for insurance coverage for Mrs. Hatch; they did not, and the court will not now hold Plaintiff responsible for coverage that was not purchased by Defendants. Accordingly, the court finds that Defendants' counterclaim for breach of contract fails to state a claim upon which relief can be granted.

### 2. Negligence

Plaintiff also moves to dismiss Defendants' negligence counterclaim; it argues that Defendants knew or should have known the content of the insurance policies and that Texas law does not create a negligence claim in this context. It cites *Ruiz* and argues that Defendants are bound by the terms of the insurance policies they purchased. It also cites *McConnell v. State Farm Lloyds*, 1999 WL 816736 (Tex. App. – Austin Oct. 14, 1999, pet. denied), and argues that an insurer is not under negligence-type duties when issuing policies.

Defendants respond that they have not brought a claim for violation of the duties of good faith and fair dealing and therefore *McConnell* is inapplicable. They also argue that *Fireman's Fund* supports their negligence claim as well.

In Texas, the elements of a negligence claim are "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2003). Plaintiff contends that Defendants have failed to allege any duty that it has breached to raise a colorable negligence claim.

The court determines that Defendants have failed to allege any duty or breach of a duty and that their negligence claim therefore fails as a matter of law. It also finds that *Fireman's Fund* is distinguishable from this case, in which there are no allegations of misrepresentations or fraud. In light of *Ruiz* and other authority holding that an insured is charged with knowledge of the terms of the

insurance policy and is bound by the insurance policy itself, the court determines that Defendants' negligence claim also fails to state a claim upon which relief can be granted.

## IV.     Conclusion

For the foregoing reasons, the court **grants in part** and **denies in part** Plaintiff's Motion for Summary Judgment on its Declaratory Judgment Action and **grants** Plaintiff's Motion to Dismiss Defendants' Counterclaims.  The court **dismisses with prejudice** Plaintiff's claim for attorney's fees and Defendants' breach of contract and negligence counterclaims.  Plaintiff is entitled to summary judgment on its claims for declaratory action, and the court hereby **declares** that: (1) the UM/UIM coverage in the CYM and CYM II Policies does not apply to the injuries received by Mrs. Hatch in the Accident; (2) the MedPay coverage in the CYM and CYM II Policies does not apply to the injuries received by Mrs. Hatch in the Accident; and (3) the PIP coverage in the CYM II Policy does not apply to the injuries received by Mrs. Hatch in the Accident.  Because the court has ruled on the motions for summary judgment and to dismiss, it **denies as moot** the parties' Joint Motion to Abate.  The court will enter judgment by separate document.

**It is so ordered** this 29th day of December, 2009.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge